## Case No. 14,959.

UNITED STATES v. DISTILLED SPIRITS.

[See Case No. 15,960.]

## Case No. 14,960.

UNITED STATES v. DISTILLERY.

[23 Int. Rev. Rec. 147.]

District Court, S. D. New York. April Term, 1877.

INTERNAL REVENUE LAW—PROCESS FOR VINEGAR MAKING—PRODUCTION OF ALCOHOL.

[The owner of a vinegar manufactory is liable under 15 St. 125, if by the process used by him he obtains alcohol from his mash so that he is saved the expense of purchasing the alcohol necessary for the making of vinegar.]

[This was a proceeding to forfeit distillery at 390 Eleventh avenue, New York City.]

Roger M. Sherman, Asst. U. S. Atty.
Charles S. Spencer, for claimant.

BLATCHFORD, District Judge (charging jury). There is a single question, and but a single question, according to my understanding of the law as applicable to this case, for your consideration. This defendant was, ac-cording to the testimony, a maker of vinegar. His ultimate product was vinegar. There is no testimony to show that any distilled spirits, as such, came out of his establishment, and the evidence to the contrary is about as strong as negative evidence can be. His establishment according to the testimony was watched to see whether it was not used for making distilled spirits, but the officers never found anything of the kind. So that it is quite clear that there was not any illicit action on the part of Mr. Jessen in producing spirits there, and taking it away out of the establishment, as spirits. He was a vinegar maker. Several statutes have been passed on the subject, which have been read and commented upon, and in 1868, in consequence of various decisions of the court, the law was passed, which is embodied now in the Revised Statutes [15 St. 125]. The substance of the law, as I understand it, is that a person may make a mash out of molasses, and water, and yeast, and just such a mash as a distiller would make, if he were going to make distilled spirits or rum, and such person may lawfully make this mash to be used exclusively to make vinegar, but he must not apply to that mash a process of distillation which, by the use of a still, or of a vessel equivalent to a still, will give him substantially in his vinegar the product of this mash, in the shape of alcohol, just as if, at the point where the product of such still enters into the mixture, he had put in alcohol from the outside, instead of having that alcohol as the result of the process he uses. That is the law. It is for you to say, on the evidence, whether you believe that the defendant, by his process substantially introduced spirits into his mixture, and had the spirits there for subsequent oxydation to make vinegar. We know that vinegar is the result of the oxydation of spirituous substances, which are oxydized by exposure to air. In the process of making vinegar in large quantities, shavings and charcoal, and other substances are used, which will make an extensive surface for exposure of the alcohol to the air, and promote rapid oxydation. If Mr. Jessen, by this process of his, got some alcohol out of his mash, by the use of his boiler, and was thus saved some expense of purchasing alcohol outside, he is liable in this case, otherwise he is not. The government must make out its case by a fair preponderance of evidence. This substantially covers all the questions in this case. In so far as what I have said does not concur with the requests on the part of the government, I must be considered as declining to charge in accordance with those requests. You will understand, gentlemen, that the testimony of Mr. Jessen is, that after his product entered the receiver in his basement, it was pumped upstairs, and alcohol was added and it was put through generators. But the point is whether he got into his mixture any alco-

hol, which was a substitute for other alcohol, which he would otherwise have been obliged to buy to put into it.

A Juror. Can we use our technical knowledge?

THE COURT. You must go according to the evidence.

The jury could not agree upon a verdict, and were consequently discharged, ten being for forfeiture, and two against.

With the intimation of the court, on a motion for a retrial, that the process adopted was clearly illegal, the motion was granted. The agreement was tendered by the claimant, that the apparatus used by him should be at once torn down by him in the presence of a deputy collector, and a certificate being furnished by the deputy collector of its destruction, the government agreed not to press the motion.